IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHRAVAN KUMAR DEBBAD,  )
                       )
          Plaintiff,   )   2:09-cv-01998-GEB-DAD
                       )
     v.                )   ORDER GRANTING DEFENDANT'S
                       )   MOTION TO DISMISS[*]
JPMORGAN CHASE BANK, formerly )
doing business as Washington  )
Mutual Bank; QUALITY LOAN SERVICE )
CORPORATION,           )
                       )
          Defendants.  )
_____)

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has not filed an opposition to the motion or a non-opposition statement as required by Local Rule 230(c). This failure to comply with Local Rule 230(c) is tantamount to filing a non-opposition statement.

Plaintiff alleges the following three claims in his complaint concerning the foreclosure of his property located at 7911 Hazel Avenue, Orangevale, Sacramento County, California, 95662: (1) to set aside trustee's sale; (2) to cancel trustee's sale; (3) to quiet title. Plaintiff alleges he was never served with the Notice of

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1 Default and that the Notice of Trustee's Sale was sent to a
2 neighboring property.  (Compl. ¶¶ 6,11.)
3       JPMorgan argues Plaintiff's first and second claims should
4 be dismissed because Plaintiff has "failed to allege or make actual
5 tender," (Mot. 5:3-4) citing <u>Abdallah v. United Sav. Bank</u>, 43 Cal.
6 App. 4th 1101, 1109 (1996), and other authority for the proposition
7 that a defaulted borrower is "required to allege tender of the amount
8 of [the lender's] secured indebtedness in order to maintain any cause
9 of action for irregularity in the sale procedure."  Since Plaintiff's
10 complaint fails to contain this allegation and Plaintiff has not shown
11 the allegation is unnecessary to plead these claims, Plaintiff's first
12 and second claims are dismissed.
13       JPMorgan contends Plaintiff's third claim to quiet title
14 should be dismissed, arguing "Plaintiff has not provided a scintilla
15 of factual support for his claim."  (Mot. 10:17-18.)  California Code
16 of Civil Procedure section 760.020 contains the elements required to
17 be alleged to state a quiet title claim.  Since Plaintiff's
18 "conclusory statements" and "legal conclusions" in this claim fail to
19 allege all the pleading elements in section 760.020, this claim is
20 dismissed. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).
21       Plaintiff, however, is granted leave to amend any claim that
22 has been dismissed.  Any amended pleading shall be filed within
23 fourteen (14) days of the date on which this order is filed.

Dated:  March 26, 2010

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge

2