IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHRAVAN KUMAR DEBBAD,            )
                                 )
          Plaintiff,             )   2:09-cv-01998-GEB-DAD
                                 )
     v.                          )   ORDER
                                 )
JPMORGAN CHASE BANK, formerly    )
doing business as Washington     )
Mutual Bank,                     )
                                 )
          Defendant.             )
                                 )
_____)

On April 19, 2010, Defendant JPMorgan Chase Bank ("JPMorgan") filed a proposed judgment unsupported by authority, which was stricken after JPMorgan repeatedly telephoned chambers for the purpose of inquiring why the Judge did not sign its proposed judgment. Those telephonic communications were inappropriate; JPMorgan's counsel should have instead filed an appropriate motion in support of its request for entry of judgment in its favor. "It is incumbent upon an attorney practicing in [federal court] . . . to secure and study the Federal Rules of [Civil Procedure] and the local rules of this [court] so that he or she will know what is expected by the court . . . ." Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

Prior to filing the above referenced proposed judgment, JPMorgan prevailed on its motion to dismiss Plaintiff's complaint. The dismissal order granted Plaintiff leave to amend his claims

against JPMorgan; however, Plaintiff failed to file an amended complaint within the time period prescribed in the dismissal order. Since Plaintiff has not filed an amended complaint or otherwise communicated with the Court, it appears Plaintiff has abandoned this case.  Therefore, the Court decides sua sponte whether Plaintiff's case against JPMorgan should be dismissed with prejudice.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that an "action or any claim" may be dismissed "if the plaintiff fails to prosecute or to comply with . . . a court order . . . ."  "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).

> In determining whether to dismiss a case for failure to comply with a court order[,] the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'

Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992)(quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), cert. denied, 479 U.S. 829 (1986)); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)(stating "courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

1  Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.
2  1998)).
3          The "public's interest in expeditious resolution of
4  litigation" factor favors dismissal with prejudice since after
5  Plaintiff filed his complaint on May 28, 2009, he failed to serve one
6  of the named defendants, Defendant Quality Loan Service Corporation,
7  within Rule 4(m)'s 120-day service period, and failed to respond to
8  this Court's May 26, 2010 Order concerning his apparent failure to
9  serve Defendant Quality Loan Service Corporation.  Therefore, this
10 defendant was dismissed on June 23, 2010.  Further Plaintiff's
11 remaining claims against JPMorgan were dismissed in an Order filed on
12 March 29, 2010, which decided JPMorgan's Rule 12(b)(6) dismissal
13 motion.  Plaintiff failed to respond to JPMorgan's Rule 12(b)(6)
14 dismissal motion, and did not file an amended complaint within the
15 time period required in the March 29, 2010 dismissal order.
16         "The court's need to manage its docket" factor favors
17 dismissal with prejudice since the action remains open without an
18 operative complaint.  The weight, if any, to give to "the risk of
19 prejudice to the defendants" factor is unclear, so this factor does
20 not weigh in favor of dismissal with prejudice.  "The availability of
21 less drastic alternatives" factor weighs in favor of dismissal with
22 prejudice since Plaintiff has disregarded two court orders: a Rule
23 4(m) Notice threatening to dismiss Defendant Quality Loan Service
24 Corporation if Plaintiff failed to respond to the Notice, and an order
25 granting Plaintiff a period of time within which he could file an
26 amended complaint.  Lastly, "the public policy favoring disposition of
27 cases on their merits" factor weighs in favor of dismissal with
28

prejudice since Plaintiff has indicated through his inaction that he does not oppose the dismissal of his case.

Therefore, Plaintiff's claims against JPMorgan are dismissed with prejudice. Judgment shall be entered in favor of JPMorgan, and this action shall be closed.

Dated: July 7, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge